# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50534
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 2, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellant

v.

GAMALIEL CORNEJO-MARTINEZ, also known as Gamaliel Martinez Cornejo,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:19-CR-892-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Gamaliel Cornejo-Martinez was charged via indictment with illegal reentry after removal, in violation of 8 U.S.C. § 1326, and with misuse of a passport. The district court granted his motion to dismiss the illegal reentry count, concluding that, because the notice to appear in Cornejo-Martinez's initial removal proceeding failed to specify a time and date for the removal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50534

hearing, the immigration court lacked jurisdiction and the removal order was void. The Government appeals and has filed an unopposed motion for summary disposition, arguing that the district court's dismissal of the illegal reentry count was erroneous in light of the decision in *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir.), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588). Alternatively, the Government moves for an extension of time in which to file a brief.

Summary disposition is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). In *Pedroza-Rocha*, 933 F.3d at 492-93, we reversed the district court's dismissal of an indictment charging the defendant with a violation of § 1326. The district court found that the notice to appear was defective because it did not specify a date and time for the removal hearing and concluded that the removal order was therefore void. *Id.* We determined that the notice to appear was not defective, that the purported defect would not deprive an immigration court of jurisdiction, and that § 1326(d) barred the defendant from collaterally attacking his removal order because he had failed to exhaust his administrative remedies. *Id.* at 496-98.

The instant case is indistinguishable from *Pedroza-Rocha*. Accordingly, the Government's motion for summary disposition is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, the district court's order dismissing the illegal reentry count is REVERSED, and the matter is REMANDED for further proceedings.